# IN THE MATTER OF THE ESTATE OF JACQUES WOLF, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided October 18, 1955.

*Mr. Charles B. Alling,* attorney for the plaintiffs.

Sullivan, J. S. C. Jacques Wolf died on January 26, 1954, a resident of Essex County, New Jersey, and his last will and testament has been duly probated in this court, plaintiffs having qualified as executors. His will includes the following provisions:

"ARTICLE FIRST: This will only applies to my properties, real and personal, situated within the United States or its possessions * * *.

* * * * * * * *

ARTICLE NINTH:

* * * * * * * *

All provisions in this will are intended to apply or relate to property located in the United States or its possessions and no portion thereof shall be construed as applying or relating to any property situated elsewhere, which I may own at the time of my death."

It appears that the bulk of decedent's estate is situated or located in the United States. However, at the time of his death, the decedent did own certain personal assets worth approximately $5,000, which were located in Monte Carlo, Principality of Monaco. It appears that there is no valid will disposing of these latter assets nor is there anyone qualified to administer them. Plaintiffs, as executors, have therefore applied for authorization from this court to collect and administer the Monte Carlo assets.

The application will be granted. Concededly the decedent died intestate as to said property. It obviously cannot pass under his will but must be administered in accordance with our statute of distribution. However, it is the rule that where there is a partial intestacy, the executor administers the entire estate, both the property passing under the will as well as the intestate property, the only difference

being that as to property passing under the will, the executor holds it in trust for the legatees and beneficiaries, while as to property not passing under the will, the executor holds it in trust for those entitled to take under the statute of distribution. *Federal Trust Co. v. Ost*, 120 *N. J. Eq.* 475 (*Ch.* 1936); *Glover v. Reynolds*, 135 *N. J. Eq.* 113 (*Ch.* 1944), affirmed 136 *N. J. Eq.* 116 (*E. & A.* 1945); 6 *N. J. Practice* (*Clapp, Wills and Administration*), § 370, *note* 13.

The above-quoted provisions of decedent's will do not bar this rule from applying. All that the testator said in effect was that such of his property as was located outside the United States was not to pass under this will. His instructions will be followed; however, his executors can administer this property according to law as well as the property passing under the will. It would be a cumbersome, complicated and expensive procedure to have separate fiduciaries administering different parts of the same estate within the same jurisdiction.

█ Plaintiffs are instructed that as part of the powers and duties conferred on them by law, they as executors have the authority to administer assets of the decedent as to which there has been no testamentary disposition and to collect the same, pay taxes thereon and distribute such assets in accordance with our statute of distribution.